**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| DAS NOBEL, Individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH FLORIDA STADIUM LLC D/B/A HARD ROCK STADIUM, CONFEDERACION SUDAMERICANA DE FUTBOL D/B/A CONMEBOL, CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL D/B/A CONCACAF, AND BEST CROWD MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 1:24-cv-22751-BB<br><br>CLASS ACTION |

**PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE RELATED ACTIONS**

Plaintiff Das Nobel, with the consent of plaintiffs in related actions listed below, and pursuant to Federal Rule of Civil Procedure 42(a), respectfully moves this Court for an Order (i) consolidating *Valderrama, et al. v. CONMEBOL, et al.*, Case No. 1:24-cv-22772-BB (the "*Valderrama*" case); *Manco v. South Florida Stadium LLC*, Case No. 1:24-cv-23195-BB (the "*Manco*" case); and *Martinez v. South Florida Stadium LLC*, Case No. 1:24-cv-23324-RAR (the "*Martinez*" case) with this action and (ii) (21) twenty-one days after appointment of lead counsel, leave to file a Consolidated Complaint, and in support thereof, states as follows:

**INTRODUCTION**

There are currently four separate class actions pending that each name Defendant, South Florida Stadium LLC d/b/a Hard Rock Stadium ("South Florida Stadium"):

- *Nobel v. South Florida Stadiums, et. al.*, Case No. 1:24-cv-22751-BB (the "*Nobel*" case) (On September 24, 2024, *Pou v. CONMEBOL, et. al.*, Case No. 1:24-cv-22828-BB was consolidated with the *Nobel* case (the "*Pou*" case)).

- *Valderrama, et al. v. CONMEBOL, et al.,* Case No. 1:24-cv-22772-BB (the "*Valderrama*" case);

- *Manco v. South Florida Stadium LLC,* Case No. 1:24-cv-23195-BB *(*the "*Manco*" case); and

- *Martinez v. South Florida Stadium LLC,* Case No. 1:24-cv-23324-RAR (the "*Martinez*" case).

In addition to Defendant South Florida Stadium, the *Nobel*, *Pou*, *Martinez*, and *Valderrama* cases also name Defendants Confederacion Sudamericana De Futbol d/b/a Conmebol ("CONMEBOL"), Confederation of North and Central America and Caribbean Association Football d/b/a Concacaf ("CONCACAF"). The *Pou* case names Defendant, Miami Dolphins, Ltd. (the "Dolphins") and the *Nobel* and *Martinez* cases name Defendant, BEST Crowd Management ("BEST"). Each of the four cases allege the same common nucleus of facts – that the Defendants failed to provide adequate security and failed to admit thousands of ticketholders to the Copa America Final Match on July 14, 2024. Therefore, "a common question of law or fact" is pending before the Court and the cases should be consolidated. Fed. R. Civ. P. 42(a).

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). Indeed, when actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits and consolidation is appropriate. *Biver v. Nicholas Financial, Inc.*, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981); *Central Motor Co. v. United States*, 583 F.2d 470 (10th Cir. 1978).

"District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (internal quotations and citations omitted). Although a trial court's decision to consolidate similar cases is purely discretionary, in determining whether to employ the consolidation provisions of Rule 42(a), the trial court should assess:

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos–Manhattan, Inc.* 776 F.2d 1492, 1495 (11th Cir. 1985).

The *Manco*, *Martinez*, *Valderrama*, and *Nobel* cases all involve claims of negligence and unjust enrichment and are based on common facts. The burden on parties, witnesses, and judicial resources is increased by multiple lawsuits. All concerned will be best served by consolidation. In addition, Defendants South Florida Stadium, CONCACAF, CONMEBOL, BEST and Miami

Dolphins Ltd. have all stated their intention to file motions to compel arbitration. The risk of inconsistent rulings and the potential for ensuing appeals also support consolidation.

This Court has already *sua sponte* consolidated *Pou* with the *Nobel* case. [Dkt. 21]. In addition, Plaintiff's counsel in *Nobel* is also counsel for *Martinez*. Although *Martinez* was the first-filed state court class action case involving the Copa America Final Match, the *Nobel* Case was the first-filed federal court case. Plaintiffs sought transfer of the *Martinez* case to Judge Bloom and consolidation with the *Nobel* case. [*Martinez*, Dkt. 16]. The *Valderrama* and *Manco* cases are already before this Court and need only be consolidated with *Nobel*.

Pursuant to Internal Operating Procedure 2.15.00, the *Martinez*, *Valderrama*, and *Manco* cases should be transferred and/or consolidated with the *Nobel* Case because *Nobel* has a higher case number.

## Local Rule 7.1(a)(3) Certification

Plaintiffs have conferred with the Defendants and they do not oppose the relief sought.

Dated: September 25, 2024

**VARNELL & WARWICK, P.A.**

/s/ Jeffrey L. Newsome
Jeffrey L. Newsome; FBN: 1018667
Brian W. Warwick; FBN: 0605573
Janet R. Varnell; FBN: 0071072
Pamela G. Levinson, FBN: 538345
Christopher J. Brochu; FBN: 1013897
400 N Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
jnewsome@vandwlaw.com
bwarwick@vandwlaw.com
jvarnell@vandwlaw.com
plevinson@vandwlaw.com
cbrochu@vandwlaw.com

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this September 25, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve all counsel of record.

                  /s/ Jeffrey L. Newsome
                  Jeffrey L. Newsome