**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| WILLIAM POU, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>CONMEBOL, CONCACAF, MIAMI DOLPHINS, LTD., and SOUTH FLORIDA STADIUM LLC,<br><br>        Defendants. | Civil Action No. 24-cv-22751-BB<br>Consolidated with Case No. 24-cv-22828-BB |

**DEFENDANT CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL'S NOTICE OF JOINDER AND ADOPTION OF MOTION**

Defendant Confederation of North, Central America and Caribbean Association Football ("CONCACAF") respectfully files this notice evincing its joinder and adoption of Defendant South Florida Stadium, LLC (the "Stadium")'s Motion to Compel Arbitration [ECF No. 55] ("Motion to Compel Arbitration") and in support thereof further states as follows:

1. On July 24, 2024, Plaintiff William Pou ("Plaintiff") brought a putative class-action Complaint raising ten causes of action against multiple Defendants including CONCACAF and the Stadium. *See generally* Complaint, *Pou v. CONMEBOL, et al.*, 1:24-cv-22828 (S.D. Fla. July 24, 2024) (Bloom, J.), ECF No. 1 (the "*Pou* Complaint" or "*Pou* Compl.").

2. On August 27, 2024, the Court *sua sponte* consolidated the *Pou* case with *Nobel v. South Florida Stadium LLC, et al.*, 1-24-cv-22751 (S.D. Fla. July 24, 2024) (Bloom, J.). *See generally* Order Consolidating Cases [ECF No. 21].

3. The *Pou* Complaint alleges that, together with Defendant CONMEBOL[1], CONCACAF agreed to sponsor and facilitate "the next Copa America in the United States—with the name Copa America USA 2024" at the Stadium's venue. *Pou* Compl. ¶¶ 19–20.

4. The crux of the *Pou* Complaint is that, though Plaintiff bought tickets for himself and his family members for the Copa America USA 2024 final match ("Final Match"), they allegedly were denied entry to the Stadium to watch the Final Match after a "crowd rushed inside [the Stadium], bypassing security[.]" *Id.* ¶ 42. "Eventually," Plaintiff alleges, the Stadium "subsequently denied any further entry to the public." *Id.* ¶¶ 46–47.

5. As a result, Plaintiff alleges he and his "family watched a portion of the match in [sic] the TV outside, and then headed home to finish watching the match." *Id.* ¶ 53.

6. On these central facts, and on behalf of a putative class, Plaintiff raises ten claims against Defendants, including CONCACAF: Breach of Contract (Counts I–II); Unjust Enrichment (Counts III–IV); Negligence (Counts V–VIII); and Declaratory Judgment (Counts IX–X).

7. As the Stadium correctly contends in its Motion to Compel Arbitration, when Plaintiff obtained tickets to the Final Match, "[h]e (like all other purchasers) was required to obtain those tickets" through a "Ticketmaster, LLC ('Ticketmaster')" account. Motion to Compel at 6 (emphasis in original).

8. "Whether Plaintiff logged into that Ticketmaster account himself to accept the nine tickets he claims to have purchased, or whether someone did on his behalf, Plaintiff agreed to Ticketmaster's Terms of Use . . . which include an arbitration provision and class waiver." *Ibid.* These Terms of Use "also contain dispute resolution procedures requiring Plaintiff to first provide notice of any dispute to Ticketmaster. If an informal resolution cannot be reached, however, the

---

[1] The *Confederacion Sudamericana de Futbol*.

arbitration provision in the Terms of Use <u>expressly</u> require[s] Plaintiff to submit any and all unresolved claims to final and binding arbitration on an individual, non-class basis." *Ibid.* (emphasis in original).

9. Irrespective of whether a person bought their ticket on a primary market or a secondary market, "a person who purchases a resale ticket (or otherwise receives a ticket) to an event ticketed by Ticketmaster must—in order to receive the ticket and attend the event—<u>affirmatively</u> accept an electronic transfer of the ticket from the original purchaser's Ticketmaster account to their own Ticketmaster account." *Id.* at 9 (emphasis in original). In other words, every ticketholder must have accepted their ticket through a Ticketmaster account *subject to* the Terms of Use—thereby assenting to the arbitration provision. *See id.* 9–10. ("Like Primary Market Purchasers, however, Secondary Market Purchasers must agree to Ticketmaster's Terms of Use at account creation, each time they sign in to their accounts and again in order to accept the ticket transfer from the Primary Market Purchaser.").

10. In the same way that the Stadium is "entitled to compel arbitration of Plaintiff's claims under the doctrine of equitable estoppel" and can "enforce the arbitration provision as a third-party beneficiary of the Terms of Use," *id.* at 15–16, CONCACAF is entitled to do the very same under identical legal theories and facts.

11. To the extent enforceability is at all at issue, there too Plaintiff agreed that the "'arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to the extent permitted by law to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of this Agreement[.]'" *Id.* at 13 (quoting Terms of Use at 18); *see also Attix v. Carrington Mortg.*, 35 F.4th 1284, 1296 (11th Cir. 2022) ("'When the

3

parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract.'" (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019))).

12. Accordingly, because the very same facts and legal theories that support compelling arbitration between Plaintiff and the Stadium also support compelling arbitration between CONCACAF and Plaintiff, CONCACAF adopts and joins the Stadium's Motion to Compel for the reasons set forth above.

**WHEREFORE,** CONCACAF respectfully requests that the Court compel individual arbitration of Plaintiff's claims and stay this action and award such other relief as the Court deems appropriate.

DATED: October 3, 2024

Respectfully submitted,

By: */s/* Lawrence D. Silverman
Lawrence D. Silverman
Lawrence.silverman@sidley.com
Lauren E. Gumerove
lgumerove@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, Florida 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101

John J. Kuster (*pro hac vice* forthcoming)
jkuster@sidley.com
Jon Muenz (*pro hac vice* forthcoming)
jmuenz@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Counsel for Defendant Confederation of North, Central America and Caribbean Association Football*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: */s/* Lawrence D. Silverman
Lawrence D. Silverman