## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 1:24-cv-22751-BLOOM/Elfenbein

WILLIAM POU, individually and on behalf of all
others similarly situated,

                Plaintiff,

      vs.

CONMEBOL, CONCACAF,
MIAMI DOLPHINS, LTD., and
SOUTH FLORIDA STADIUM LLC,

                Defendants.

_____/

### DEFENDANT SOUTH FLORIDA STADIUM LLC'S AND MIAMI DOLPHINS, LTD's
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants South Florida Stadium, LLC ("SFS") and Miami Dolphins, Ltd. (the "Dolphins") (collectively, the "SFS Entities"), by and through their counsel, as and for their Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") of Plaintiff William Pou ("Plaintiff") state as follows:

### PRELIMINARY STATEMENT

The SFS Entities have filed a motion to compel arbitration of Plaintiff's claims. See Dkt. 55. In responding to Plaintiff's Complaint, the SFS Entities do not waive and expressly reserve their rights to compel arbitration of Plaintiff's claims as well as the claims of members of the proposed class.

The SFS Entities deny all factual allegations set forth in the Complaint unless expressly admitted. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts. The SFS Entities need not admit or deny legal conclusions or arguments, and much of the Complaint is merely that. The SFS Entities further submit that Plaintiff should be denied any relief whatsoever, including but not limited to the relief requested in the Complaint.

For convenience, the SFS Entities have organized their Answers to Plaintiff's allegations by using the headings and subheadings in the Complaint. In so doing, the SFS Entities do not admit

that the headings or subheadings are accurate or appropriate for any purpose in this matter, and the SFS Entities specifically deny each and every allegation contained therein. Any allegation not specifically admitted is denied.

## THE PARTIES

1.      Plaintiff William Pou is a natural person with principal residency within Miami-Dade County, Florida.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and on that basis, deny them and demand strict proof thereof.

2.      CONMEBOL is an international sports organization with headquarters in Luque, Paraguay.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and on that basis, deny the allegations in Paragraph 2.

3.      CONCACAF is an international sports organization with headquarters in Miami-Dade, Florida.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, and on that basis, deny the allegations in Paragraph 3.

4.      Miami Dolphins, LTD., is a Florida limited partnership with principal address in Miami-Dade County, Florida.

**ANSWER:**

The Dolphins admit that its principal place of business is in Miami-Dade County, Florida and that it is a Florida limited liability partnership. Except as expressly admitted, the Dolphins deny any and all remaining allegations in Paragraph 4.

5.      South Florida Stadium LLC Florida limited liability company with principal address in Miami-Dade County, Florida.

**ANSWER:**

SFS admits that its principal place of business is in Miami-Dade County, Florida and that it is a Florida limited liability company. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 5.

6.      Miami Dolphins, LTD. And South Florida Stadium LLC share the same principal address.

**ANSWER:**

The SFS Entities admit that they are both located at the same address. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case because this action involves diversity jurisdiction and class action allegations exceeding $5,000,000. See 28 U.S.C.S. § 1332(d)(2); Fed. R. Civ. P. 23.

**ANSWER:**

The allegations in Paragraph 7 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities admit that subject to the opportunity to take discovery, the requirements of 28 U.S.C. § 1332(d) appear to be met. The SFS Entities affirmatively state that Plaintiff's claims are subject to arbitration and that Plaintiff has waived the right to pursue his claims on a class basis. The SFS Entities deny any remaining allegations in Paragraph 7.

8.      This Court has personal jurisdiction over Defendants because they executed and breached a contract to be performed in Florida. See § 48.193(1)(a)(7) Fla. Stat; Fed. R. Civ. P. 4(k)(1)(a).

**ANSWER:**

The allegations in Paragraph 8 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 8.  The SFS Entities affirmatively state that Plaintiff's claims are subject to arbitration.

9.      Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, because it is where a substantial part of the events or omissions alleged herein accrued. See 28 U.S.C.S. § 1391(b)(2).

**ANSWER:**

The allegations in Paragraph 9 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 9.  The SFS Entities affirmatively state that Plaintiff's claims are subject to arbitration.

10.      All conditions precedent to the bringing of this action have either been performed or they have been waived.

**ANSWER:**

The allegations in Paragraph 10 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 10. The SFS Entities affirmatively state that Plaintiff's claims are subject to arbitration.

### FACTS

11.    Defendant CONMEBOL, or Confederación Sudamericana de Fútbol, is the governing association of South American soccer.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis, deny them.

12.    Hard Rock Stadium is located at 347 Don Shula Dr Miami Gardens, FL 33056.

**ANSWER:**

The SFS Entities admit that Hard Rock Stadium is located at the address indicated in Paragraph 12. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 12.

13.    Defendant South Florida Stadium LLC owns the land where Hard Rock Stadium rests, and, upon information and belief, manages its operations.

**ANSWER:**

SFS admits that it is an owner of Hard Rock Stadium. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 13.

14.    Upon information and belief, Dolphins is Hard Rock Stadium's main tenant.

**ANSWER**:

The SFS Entities admit that the Miami Dolphins football team plays its home games at Hard Rock Stadium. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 14.

15.    Upon information and belief, Dolphins jointly manages Hard Rock Stadium's operations with respect to other tenants, whether permanent or temporary, as well as guests and invitees.

**ANSWER:**

The SFS Entities deny the allegations in Paragraph 15.

16.    Defendant CONCACAF, or the Confederation of North, Central America and Caribbean Association Football, is the organization governing soccer in the respective regions.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that basis, deny them.

17.     With varying frequency, CONMEBOL organizes Copa America—a tournament between all CONMEBOL-associated national teams.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis, deny them.

18.     CONMEBOL also invites national teams from other conferences, including USA Soccer and Mexico national football team, to editions of Copa America.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and on that basis, deny them.

19.     On or about January 2023, CONMEBOL and CONCACAF organized to hold the next Copa America in the United States—with the name Copa America USA 2024.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis, deny them.

20.     On or about November 20, 2023, CONMEBOL and CONCACAF decided to host the final game of the tournament at Hard Rock Stadium's venue in Miami-Dade.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that basis, deny them.

21.     Copa America USA 2024's organizers also announced an array of stadiums, across the United States, in which the matches would be held.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis, deny them.

22.     On June 20, 2024, the Argentinian and Canadian national soccer teams confronted themselves in the first match of Copa America USA 2024.

**ANSWER:**

The SFS Entities admit that the Argentinian and Canadian national soccer teams played each other on June 20, 2024. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 22.

23.     On July 10, 2024, the Colombian national team won the last semi-finals match.

**ANSWER:**

The SFS Entities admit that the Colombian national soccer team won the match it played on July 10, 2024. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 23.

24.     Thus, the final match was set to be disputed on July 14, 2024, at 8:00 p.m., between the Argentinian and Colombians teams, at Hard Rock Stadium.

**ANSWER:**

The SFS Entities admit that the final match of the Copa America USA 2024 tournament was played at Hard Rock Stadium on July 14, 2024. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 24.

25.     Tickets for the final match initially retailed at around $1,500, but it has been reported that soon before the final match the cheapest available tickets were valued at around $6,500.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that basis, deny them.

26.     Plaintiff Pou is an American citizen, U.S. military veteran, and resident of Miami-Dade County.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that basis, deny them.

27.     Having learned the Colombian soccer team could make it to the final match, Pou readied himself to bring his nuclear family, as well as some of his in-law relatives residing in Colombia, to watch the game in his city.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and on that basis, deny them.

28.     To that effect, Pou sent money to his family in Colombia so they could purchase plane tickets for five of his relatives.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and on that basis, deny them.

29.     Pou's family in Colombia consisted in Juan and Juanita Salazar and their three children. (together the "Salazar Family").

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and on that basis, deny them.

30.     On July 1, 2024, four members of the Salazar Family flew from Colombia.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and on that basis, deny them.

31.     On July 11, 2024, knowing the Colombian soccer team officially qualified for the final match, Juan Salazar landed in Miami.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that basis, deny them.

32.     Pou bought five tickets for the final match, one for each member of the Salazar Family. See Exhibit 1, Tickets.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and on that basis, deny them and demand strict proof thereof.

33.     Further, Pou bought another four tickets for his own family residing in the United States. See id.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and on that basis, deny them and demand strict proof thereof.

34.     Thus, all nine family members arrived at Hard Rock Stadium around 4 p.m. on July 14, 2024.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and on that basis, deny them and demand strict proof thereof.

35.     Pou purchased parking spots for two vehicles.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and on that basis, deny them and demand strict proof thereof.

36.     Around the time of arrival, the family could already perceive the unusually big crowd of people surrounding Hard Rock Stadium.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and on that basis, deny them and demand strict proof thereof.

37.     However, Pou did not perceive a change in security protocol relative to his previous visits to Hard Rock Stadium for other sporting events.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and on that basis, deny them and demand strict proof thereof.

38.     Pou and his family waited around Hard Rock Stadium until about 7:00 p.m.—when they tried to approach their assigned entry gate—Hard Rock Stadium's "SW Gate."

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and on that basis, deny them and demand strict proof thereof.

39.     However, the family noticed that just an hour before the game, Hard Rock Stadium personnel kept the gates closed and kept the crowd from going inside the stadium and into the bleachers.

**ANSWER:**

SFS admits that on the day of the Final Match, there were numerous attempts by unruly fans without tickets to overpower security and law enforcement at entry points to Hard Rock Stadium. Various stadium gates were closed and re-opened strategically in an attempt to allow ticketed guests to enter safely and in a controlled manner. Certain fans continued to engage in illegal conduct, however, including fighting police officers, breaking down walls and barricades, and vandalizing the Stadium. For a short period of time, the Stadium gates were opened to all fans to prevent stampedes and serious injury. The gates were then closed once the threat was alleviated. At that time, however, the venue was at capacity, and the gates were not re-opened, meaning some fans who had purchased tickets were unable to enter to watch the Final Match. SFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39, and on that basis, deny them and demand strict proof thereof. Except as expressly admitted, SFS denies any and all remaining allegations in Paragraph 39. The Dolphins lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39, and on that basis, deny them and demand strict proof thereof.

40.     At around 7:30 p.m., Pou saw an individual break through the security blockage and run inside Hard Rock Stadium.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, and on that basis, deny them and demand strict proof thereof.

41.     Pou did not see the Hard Rock Stadium security personnel swiftly manage the trespass.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and on that basis, deny them and demand strict proof thereof.

42.     Soon after, the crowd rushed inside, bypassing security.

**ANSWER:**

SFS incorporates its response to Paragraph 39 as if set forth fully herein as and for its responses to Paragraph 42. Except as expressly admitted, SFS denies any and all remaining

allegations in Paragraph 42. The Dolphins lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and on that basis, deny them and demand strict proof thereof.

43.     The family resorted to fend off the family's young children and wait for the rout to subside.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and on that basis, deny them.

44.     Pou stood and watched the as crowd tumbled and ran offer various metal and hazard detection systems on their way inside Hard Rock Stadium.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and on that basis, deny them and demand strict proof thereof.

45.     Pou did not see Hard Rock Stadium personnel checking tickets from many members of the crowd.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, and on that basis, deny them and demand strict proof thereof.

46.     Eventually, Pou noticed Hard Rock Stadium and once again blocked entry through the SW Gate.

**ANSWER:**

SFS incorporates its response to Paragraph 39 as if set forth fully herein as and for its responses to Paragraph 46. Except as expressly admitted, SFS denies any and all remaining allegations in Paragraph 46. The Dolphins lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and on that basis, deny them and demand strict proof thereof.

47.     Hard Rock Stadium personnel subsequently denied any further entry to the public.

**ANSWER:**

SFS incorporates its response to Paragraph 39 as if set forth fully herein as and for its responses to Paragraph 47. Except as expressly admitted, SFS denies any and all remaining allegations in Paragraph 47. The Dolphins lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and on that basis, deny them and demand strict proof thereof.

48.     The family thus circled hard Rock Stadium in search of another entry point inside Hard Rock Stadium.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, and on that basis, deny them and demand strict proof thereof.

49.     Pou noticed, approximately, around 5,000 people were left to wonder outside the stadium.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and on that basis, deny them and demand strict proof thereof.

50.     At around 9:15 p.m., Pou and his family reached Hard Rock Stadium's "G Gate."

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and on that basis, deny them and demand strict proof thereof.

51.     Hard Rock Stadium's employees at "G Gate" directly told Pou and his family that Hard Rock Stadium will not let them inside the stadium, irrespective of whether the family had tickets for the match.

**ANSWER:**

SFS incorporates its response to Paragraph 39 as if set forth fully herein as and for its responses to Paragraph 51. Except as expressly admitted, SFS denies any and all remaining allegations in Paragraph 51. The Dolphins lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and on that basis, deny them and demand strict proof thereof.

52.     The Hard Rock Stadium employees said the family could watch the game from the TV screens in the outside of the building.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and on that basis, deny them and demand strict proof thereof.

53.     The family watched a portion of the match in the TV outside, and then headed home to finish watching the match.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and on that basis, deny them and demand strict proof thereof.

54.     Pou learned, it is believed, a significant portion of the crowd that made it inside Hard Rock Stadium on July 14, 2024, did not have tickets for the soccer match.

**ANSWER:**

SFS incorporates its response to Paragraph 39 as if set forth fully herein as and for its responses to Paragraph 54. Except as expressly admitted, SFS denies any and all remaining allegations in Paragraph 54. The Dolphins lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and on that basis, deny them and demand strict proof thereof.

55.     None of the Defendants have sought to return the value of the tickets to Plaintiff and his family.

**ANSWER:**

The allegations in Paragraph 55 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS admits that it has offered refunds to certain individuals. The Dolphins lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and on that basis, deny them.  Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 55.

56.     As a consequence of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including being forced to hire the undersigned counsel to investigate and litigate this matter.

**ANSWER:**

The allegations in Paragraph 56 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis, deny them and demand strict proof thereof.  The SFS Entities deny any and all remaining allegations in Paragraph 56 and expressly deny that Plaintiff is entitled to relief.

**CLASS ALLEGATIONS**

57.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Pou, on behalf of himself and others similarly situated, seeks certification of the following Class:

> a.   All persons who, for purposes other than resale, purchased from Defendants, their agents, or their associates during the Class Period (February 28, 2024, to July 14, 2024) a ticket to watch the Copa America USA 2024 Final Match on July 14, 2024, at Hard Rock Stadium but where later denied entry into the Hard Rock Stadium.

**ANSWER:**

The SFS Entities admit that Plaintiff purports to bring his claims on behalf of himself and the proposed class identified in Paragraph 57.  Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 57 and expressly deny that class treatment of Plaintiff's claims is appropriate.

58.     The approximate number of class members is in the hundreds or even thousands.

**ANSWER:**

The allegations in Paragraph 58 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate. The SFS Entities deny any and all remaining allegations in Paragraph 58.

59.     If Class members paid at least $1,500 per ticket, the class far exceeds the applicable amount of controversy requirement. See 28 U.S.C.S. § 1332(d)(6).

**ANSWER**:

The allegations in Paragraph 59 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities admit that Plaintiff has alleged

an amount in controversy sufficient under 28 U.S.C. § 1332(d). The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate. The SFS Entities deny any and all remaining allegations in Paragraph 59.

60.     Further, upon information and belief, at least one-third of Class members came to Florida for the Copa America USA 2024 final match from either other US states or foreign nations.

**ANSWER:**

The SFS Entities lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

61.     Defendants are subject to general jurisdiction in the State of Florida, accordingly relief on behalf of the proposed Class is appropriate.

**ANSWER:**

The allegations in Paragraph 61 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 61. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate. The SFS Entities deny any and all remaining allegations in Paragraph 61.

62.     Pou is a member of the Class he seeks to represent.

**ANSWER:**

The allegations in Paragraph 62 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate. The SFS Entities deny any and all remaining allegations in Paragraph 62.

63.     Pou reserves the right to amend the definition of the Class prior to filing his motion for class certification.

**ANSWER:**

The SFS Entities admit that Plaintiff purports to reserve his right to amend his definition of the Class. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate. The SFS Entities deny any and all remaining allegations in Paragraph 63.

64.     Excluded from the Class is the Judge presiding over this litigation, the Judge's immediate family members, and any members of the Judge's judicial staff, the officers and

directors of Defendant and their immediate family members, Class Counsel and their immediate family members, and persons who timely and validly request exclusion from the Settlement Class, and the legal representatives of each of these excluded categories of persons.

**ANSWER:**

The SFS Entities admit that Plaintiff purports to exclude the people and entities identified in Paragraph 64 from Plaintiff's proposed class. Except as expressly admitted, the SFS Entities deny any and all remaining allegations in Paragraph 64 and expressly deny that class treatment of Plaintiff's claims is appropriate.

65.     The Class Period is from February 2024 to the present.

**ANSWER:**

The allegations in Paragraph 65 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate. The SFS Entities deny any and all remaining allegations in Paragraph 65.

*Numerosity*

66.     This action satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) as the members of the Class are so numerous that separate joinder of each member is impracticable. The Class will include hundreds or thousands of members.

**ANSWER:**

The allegations in Paragraph 66 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 66. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

*Commonality and Predominance*

67.     This action satisfies the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) since Pou's claims raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the Class and these questions predominate over any question of law or fact affecting only individual members of the Class.

**ANSWER:**

The allegations in Paragraph 67 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 67. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

68.    Such common and predominant questions include:

a.    Whether CONMEBOL breached the contract when the Class was denied entry into Hard Rock Stadium.

b.    Whether CONCACAF breached the contract when the Class was denied entry into Hard Rock Stadium.

c.    Whether Hard Rock Stadium breached the contract when the Class was denied entry into Hard Rock Stadium.

d.    Whether the contract breach of any of the Defendants caused damages to the Class, and the extent of those damages.

e.    Whether CONMEBOL owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

f.    Whether CONCACAF owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

g.    Whether Hard Rock Stadium owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

h.    Whether Dolphins owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

i.    Whether CONMEBOL breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

j.    Whether CONCACAF breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

k.    Whether Hard Rock Stadium breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

l.      Whether Dolphins breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

m.      Whether CONMEBOL's failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

n.      Whether CONCACAF's failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

o.      Whether Hard Rock Stadium's failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

p.      Whether Dolphins' failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

**ANSWER:**

The allegations in Paragraph 68 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 68. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

*Typicality*

69.      This action satisfies the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) because Pou's claims are typical of the claims of each member of the Class.

**ANSWER:**

The allegations in Paragraph 69 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 69. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

70.      Pou, and all members of the Class, purchased a ticket to attend the Copa America USA 2024 final match.

**ANSWER:**

The allegations in Paragraph 70 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

71.      Pou, and all members of the Class, were denied entry into Hard Rock Stadium on July 14, 2024, around the time of the Copa America USA 2024 final match.

**ANSWER:**

The allegations in Paragraph 71 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

72.    Pou, and all members of the Class, have been damaged by Defendants' misconduct because, among other things, he paid for ticket to attend an event, yet he was denied entry to said event—though the event still took place.

**ANSWER:**

The allegations in Paragraph 72 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

73.    Pou, and all members of the Class, would not have purchased the tickets if they knew they would not be allowed inside Hard Rock Stadium, or if there was such a risk that they would not be allowed inside.

**ANSWER:**

The allegations in Paragraph 73 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 73. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

*Adequacy*

74.    This action satisfies the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4).

**ANSWER:**

The allegations in Paragraph 74 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 74. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

75.    Pou can fairly and adequately protect and represent the interests of the members of the Class. Pou is aware of their responsibilities as class representatives and have no conflicts with any member of the Class.

**ANSWER:**

The allegations in Paragraph 75 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

76.      Pou has retained the undersigned attorneys to represent him in this matter, who are experienced in complex litigation, including class actions, and have the skills and resources necessary to meet the needs of this case.

**ANSWER:**

The allegations in Paragraph 76 state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

*Superiority*

77.      This action satisfies the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) since class representation is superior to other available methods for the fair and efficient adjudication of the controversy. It would be an inefficient use of judicial resources to require each member of the Class affected by Defendants' actions to bring their own claim. Furthermore, this case deals with common issues of law that may be adjudicated uniformly in a single action without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would require.

**ANSWER:**

The allegations in Paragraph 77 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 77. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

*Declaratory Relief*

78.      This action satisfies the declaratory relief requirement of Federal Rule of Civil Procedure 23(b)(2) since Defendants CONMEBOL and CONCACAF have denied or failed to claim any liability or relationship with respect to the Class. Thus, declaratory relief establishing the existence of a contractual or duty-based relationship is appropriate for the Class as a whole.

**ANSWER:**

The allegations in Paragraph 78 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 78. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

### *Fed. R. Civ. P. 1.220(b)(1)*

79.     Alternatively, Pou's claims may be maintained on behalf of the Class under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate claims by individual members of the Class would create a risk of either inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for Defendants, or adjudications concerning whether any or all Defendants entered versions of the same contract with members of the Class, or adjudications concerning individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests.

**ANSWER:**

The allegations in Paragraph 79 state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 79. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

### COUNT I
### BREACH OF CONTRACT
### *Against CONMEBOL*

80.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 80 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 80.

81.     "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Alfaro v. Bank of Am., N.A.*, No. 21-10948, 2024 U.S. App. LEXIS 6146, at *11 (11th Cir. Mar. 14, 2024) (quoting Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009)).

**ANSWER:**

The allegations in Paragraph 81 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 81.

82.     Pou, similar to all members of the Class, purchased nine tickets to attend the Copa America USA 2024 final match, which CONMEBOL organized and in which consequence, CONMEBOL collected profit.

**ANSWER:**

The allegations in Paragraph 82 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

83.     Thus, Pou, similar to all members of the Class, and CONMEBOL entered a contract in which by virtue of his purchase, CONMEBOL would host an event which Pou and his family could attend.

**ANSWER:**

The allegations in Paragraph 83 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 and on that basis, deny them and demand strict proof thereof. The SFS Entities deny any remaining allegations in Paragraph 83 and deny that class treatment of Plaintiff's claims is appropriate.

84.     However, CONMEBOL and/or its associates physically and effectively denied Pou and his family's entry, as well as other members of the Class, into Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 84 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 and on that basis, deny them and

demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

85.     Pou, and all members of the Class, were thus deprived on the benefit for which they paid event tickets.

**ANSWER:**

The allegations in Paragraph 85 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 85 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

86.     Pou, similar to other members of the Class, further suffered damages incurred in reliance of the contract, including but not limited to purchasing plane tickets for his family to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

The allegations in Paragraph 86 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 86 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The allegations in the preceding Paragraph relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT II**
**BREACH OF CONTRACT**
*Against CONCACAF*

87.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 87 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 87.

88.    "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Alfaro v. Bank of Am., N.A.*, No. 21-10948, 2024 U.S. App. LEXIS 6146, at *11 (11th Cir. Mar. 14, 2024) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

**ANSWER:**

The allegations in Paragraph 88 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 88.

89.    Pou, similar to all members of the Class, purchased nine tickets to attend the Copa America USA 2024 final match, which CONCACAF organized and in which consequence, CONCACAF collected profit.

**ANSWER:**

The allegations in Paragraph 89 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

90.    Thus, Pou, all members of the Class, and CONCACAF entered a contract in which by virtue of his purchase, CONCACAF would host an event which Pou and his family could attend.

**ANSWER:**

The allegations in Paragraph 90 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and on that basis, deny them and

demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

91.     However, CONCACAF and/or its associates physically and effectively denied Pou and his family's entry, as well as other members of the class, into Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 91 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

92.     Pou, and all members of the Class, were thus deprived on the benefit for which they paid event tickets.

**ANSWER:**

The allegations in Paragraph 92 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 92 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

93.     Pou, similar to other members of the Class, further suffered damages incurred in reliance of the contract, including but not limited to purchasing plane tickets for his family to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

The allegations in Paragraph 93 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 93 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The allegations in the preceding Paragraph relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT III**
**UNJUST ENRICHMENT**
***Against CONMEBOL***
***(Pled in the alternative)***

94.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 94 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 94.

95.     Unjust enrichment occurs when "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Dixon v. Univ. of Mia.*, 75 F.4th 1204, 1210 (11th Cir. 2023) (quoting *Doral Collision Ctr., Inc. v. Daimler Tr.,* 341 So. 3d 424, 429 (Fla. 3d DCA 2022)).

**ANSWER:**

The allegations in Paragraph 95 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 95.

96.     Pou and the Class members claim unjust enrichment in the alternative absence of a binding contract between Class members and CONMEBOL.

**ANSWER:**

The allegations in Paragraph 96 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and on that basis, deny them and

demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

97.    Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONMEBOL organized and in which consequence, CONMEBOL collected profit.

**ANSWER:**

The allegations in Paragraph 97 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

98.    COMNEBOL has not compensated Pou, nor other members of the Class, for their purchase of tickets.

**ANSWER:**

The allegations in Paragraph 98 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

99.    Since CONMEBOL and/or its associates denied Pou, and all members of the Class, entry into Hard Rock Stadium at the date and time of the event, it would be inequitable for CONMEBOL to retain profits without paying the value of the tickets back to Pou and the other Class members.

**ANSWER:**

The allegations in Paragraph 99 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 99 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

100.    As a result of CONMEBOL's unjust enrichment, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to

purchasing plane tickets to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

The allegations in Paragraph 100 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 100 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The allegations in the preceding Paragraph relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT IV**
**UNJUST ENRICHMENT**
*Against CONCACAF*
*(Pled in the alternative)*

101.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 101 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 101.

102.     Unjust enrichment occurs when "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Dixon v. Univ. of Mia.*, 75 F.4th 1204, 1210 (11th Cir. 2023) (quoting *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. 3d DCA 2022)).

**ANSWER:**

The allegations in Paragraph 102 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 102.

103.    Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONCACAF organized and in which consequence, CONCACAF collected profit.

**ANSWER:**

The allegations in Paragraph 103 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

104.    Pou and the Class members claim unjust enrichment in the alternative absence of a binding contract between Class members and CONCACAF.

**ANSWER:**

The allegations in Paragraph 104 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

105.    CONCACAF has not compensated Pou, nor other members of the Class, for their purchase of tickets.

**ANSWER:**

The allegations in Paragraph 105 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and on that basis, deny them and

demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

106.    Since CONCACAF and/or its associates denied Pou, and all members of the Class, entry into Hard Rock Stadium at the date and time of the event, it would be inequitable for CONCACAF to retain profits without paying the value of the tickets back to Pou and the other Class members.

**ANSWER:**

The allegations in Paragraph 106 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 106 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

107.    As a result of CONCACAF's unjust enrichment, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

The allegations in Paragraph 107 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 107 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The allegations in the preceding Paragraph relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT V**
**NEGLIGENCE**
*Against CONMEBOL*

108.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 108 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 108.

109.    A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *In re Lohengrin, Ltd.*, No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

**ANSWER:**

The allegations in Paragraph 109 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 109.

110.    Pou and the Class members claim negligence in the alternative absence of a binding contract between Class members and CONMEBOL.

**ANSWER:**

The allegations in Paragraph 110 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

111.    Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONMEBOL organized and in which consequence, CONMEBOL collected profit.

**ANSWER:**

The allegations in Paragraph 111 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

112. Thus, CONMEBOL had a duty to organize Copa America USA 2024's final match in a way that would allow all Class members to attend the match at Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 112 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

113. Further, CONMEBOL had a duty to organize the match in such a way that attendance would be safe and could be completed.

**ANSWER:**

The allegations in Paragraph 113 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and on that basis, deny them and demand strict proof thereof.

114. CONMEBOL breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 114 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 114 and demand strict proof thereof.

115.     CONMEBOL should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 115 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 115 and demand strict proof thereof.

116.     Further, CONMEBOL procured instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 116 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 116 and demand strict proof thereof.

117.     Furthermore, CONMEBOL failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

**ANSWER:**

The allegations in Paragraph 117 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 and on that basis, deny them and demand strict proof thereof.

118.     However, CONMEBOL failed to procure the devices, personnel, and protocols either partially or altogether.

**ANSWER:**

The allegations in Paragraph 118 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 and on that basis, deny them and demand strict proof thereof.

119.    But-for CONMEBOL's failure to competently organize Copa America USA 2024's final match, CONMEBOL and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 119 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

120.    Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team—affecting both soccer team players as well as fans in the public.

**ANSWER:**

The allegations in Paragraph 120 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 and on that basis, deny them and demand strict proof thereof.

121.    Thus, CONMEBOL could easily foresee that careful measures would be required to safely and competently guarantee attendance to Copa America USA 2024's final match.

**ANSWER:**

The allegations in Paragraph 121 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 121 and demand strict proof thereof.

122.    It was thus foreseeable that without safety measures, Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

**ANSWER:**

The allegations in Paragraph 122 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 122 and demand strict

proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

123.    As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

The allegations in Paragraph 123 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The allegations in the preceding Paragraph relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT VI**
**NEGLIGENCE**
*Against CONCACAF*

124.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 124 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 124.

125.    A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *In re*

*Lohengrin, Ltd.*, No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

**ANSWER:**

The allegations in Paragraph 125 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 125.

126. Pou and the Class members claim negligence in the alternative absence of a binding contract between Class members and CONCACAF.

**ANSWER:**

The allegations in Paragraph 126 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

127. Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONCACAF organized and in which consequence, CONCACAF collected profit.

**ANSWER:**

The allegations in Paragraph 127 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

128. Thus, CONCACAF had a duty to organize Copa America USA 2024's final match in a way that would allow all Class members to attend the match at Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 128 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 128 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

129.    Further, CONCACAF had a duty to organize the match in such a way that attendance would be safe and could be completed.

**ANSWER:**

The allegations in Paragraph 129 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 and on that basis, deny them and demand strict proof thereof.

130.    CONCACAF breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 130 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 130 them and demand strict proof thereof.

131.    CONCACAF should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 131 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 131 and demand strict proof thereof.

132.    Further, CONCACAF procured instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 132 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent

a response is required, the SFS Entities deny the allegations in Paragraph 132 and demand strict proof thereof.

133.     However, CONCACAF failed to procure the devices, personnel, and protocols either partially or altogether.

**ANSWER:**

The allegations in Paragraph 133 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 133 and demand strict proof thereof.

134.     Furthermore, CONCACAF failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

**ANSWER:**

The allegations in Paragraph 134 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 134 and demand strict proof thereof.

135.     But-for CONCACAF's failure to competently organize Copa America USA 2024's final match, CONCACAF and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

**ANSWER:**

The allegations in Paragraph 135 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 135 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

136.     Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team-affecting both soccer team players as well as fans in the public.

**ANSWER:**

The allegations in Paragraph 136 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 136 and on that basis, deny them and demand strict proof thereof.

137.    Thus, CONCACAF could easily foresee that careful measures would be required to guarantee attendance safely and competently to Copa America USA 2024's final match.

**ANSWER:**

The allegations in Paragraph 137 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities deny the allegations in Paragraph 137 and demand strict proof thereof.

138.    It was thus foreseeable that without safety measures, Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

**ANSWER:**

The allegations in Paragraph 138 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities deny the allegations in Paragraph 138 and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

139.    As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

The allegations in Paragraph 139 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The allegations in the preceding Paragraph relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT VII**
**NEGLIGENCE**
*Against Hard Rock Stadium[1]*

140.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

**SFS:** SFS repeats and realleges its responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 140.

**Dolphins:** The allegations in Paragraph 140 relate to alleged conduct by a party other than the Dolphins, and thus no response is required. To the extent a response is required, the Dolphins repeat and reallege its responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 140.

141.    A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." In re Lohengrin, Ltd., No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012)).

**ANSWER:**

The allegations in Paragraph 141 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 141.

142.    Pou and the Class members claim negligence in the alternative absence of binding contracts between Class members and Hard Rock Stadium.

---

[1] The Complaint purports to define Hard Rock Stadium as SFS. Compl. at 1.

**ANSWER:**

**SFS:** SFS admits that Plaintiff purports to bring a negligence claim on behalf of himself and a putative class. Except as expressly admitted, SFS denies any and all remaining allegations in Paragraph 142 and expressly denies that class treatment of Plaintiff's claims is appropriate.

**Dolphins:** The allegations in Paragraph 142 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 142 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

143.   Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which Hard Rock Stadium organized, hosted, and in which consequence, hard Rock Stadium collected profit.

**ANSWER:**

**SFS:** SFS admits that Hard Rock Stadium hosted three matches in the Copa America USA 2024 tournament, including the final match. Except as expressly admitted, SFS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 and on that basis, denies them and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

**Dolphins:** The allegations in Paragraph 143 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 and on that basis, denies them and demands strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

144.   Thus, Hard Rock Stadium had a duty to organize Copa America USA 2024's final match in a way that would allow all Class members to attend the match at Hard Rock Stadium.

**ANSWER:**

**SFS:** The allegations in Paragraph 144 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 144 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

**Dolphins:** The allegations in Paragraph 144 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required. To the

extent a response is required, the Dolphins deny the allegations in Paragraph 144 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

145.    Further, Hard Rock Stadium had a duty to organize the match in such a way that attendance would be safe and could be completed.

**ANSWER:**

**SFS:** The allegations in Paragraph 145 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 145 and demands strict proof thereof.

**Dolphins:** The allegations in Paragraph 145 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 145 and demand strict proof thereof.

146.    Hard Rock Stadium breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

**ANSWER:**

**SFS:** The allegations in Paragraph 146 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 146 and demands strict proof thereof.

**Dolphins:** The allegations in Paragraph 146 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 146 and demand strict proof thereof.

147.    Hard Rock Stadium should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

**ANSWER:**

**SFS:** The allegations in Paragraph 147 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 147 and demands strict proof thereof.

**Dolphins:** The allegations in Paragraph 147 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 147 and demand strict proof thereof.

148.    Further, Hard Rock Stadium procured instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

**ANSWER:**

**SFS:** The allegations in Paragraph 148 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 148 and demands strict proof thereof.

**Dolphins:** The allegations in Paragraph 148 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 148 and demand strict proof thereof.

149.    However, Hard Rock Stadium failed to procure the devices, personnel, and protocols either partially or altogether.

**ANSWER:**

**SFS:** The allegations in Paragraph 149 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 149 and demands strict proof thereof.

**Dolphins:** The allegations in Paragraph 149 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 149 and demand strict proof thereof.

150.    Furthermore, Hard Rock Stadium failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

**ANSWER:**

**SFS:** The allegations in Paragraph 150 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 150 and demands strict proof thereof.

**Dolphins:** The allegations in Paragraph 150 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 150 and demand strict proof thereof.

151.    But-for Hard Rock Stadium's failure to competently organize Copa America USA 2024's final match, Hard Rock Stadium and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

**ANSWER:**

**SFS:** The allegations in Paragraph 151 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 151 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

**Dolphins:** The allegations in Paragraph 151 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 151 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

152.    Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team-affecting both soccer team players as well as fans in the public.

**ANSWER:**

**SFS:** The allegations in Paragraph 152 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 and on that basis, denies them.

**Dolphins:** The allegations in Paragraph 152 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 152 and demand strict proof thereof.

153.    Thus, Hard Rock Stadium could easily foresee that careful measures would be required to guarantee attendance safely and competently to Copa America USA 2024's final match.

**ANSWER:**

**SFS:** The allegations in Paragraph 153 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 153 and demands strict proof thereof.

**Dolphins:** The allegations in Paragraph 153 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the

extent a response is required, the Dolphins deny the allegations in Paragraph 153 and demand strict proof thereof.

154.    It was thus foreseeable that without safety measures, Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

**ANSWER:**

**SFS:** The allegations in Paragraph 154 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 154 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

**Dolphins:** The allegations in Paragraph 154 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 154 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

155.    As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

**SFS:** The allegations in Paragraph 155 state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 155 and demands strict proof thereof. SFS expressly denies that class treatment is appropriate. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

**Dolphins:** The allegations in Paragraph 155 relate to alleged conduct by a party other than the Dolphins, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the Dolphins deny the allegations in Paragraph 155 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant Hard Rock Stadium for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The SFS Entities expressly deny that Plaintiff is entitled to relief.

## COUNT VIII
## NEGLIGENCE
### *Against Dolphins*

156.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

**Dolphins:** The Dolphins repeat and reallege its responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 156.

**SFS:** The allegations in Paragraph 156 relate to alleged conduct by a party other than SFS, and thus no response is required. To the extent a response is required, SFS repeats and realleges its responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 156.

157.     A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." In re Lohengrin, Ltd., No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012)).

**ANSWER:**

The allegations in Paragraph 157 purport to paraphrase or quote an opinion, which speaks for itself, and the SFS Entities respectfully refer the Court to that opinion for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 157.

158.     Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which Dolphins—as Hard Rock Stadium's main tenant—helped organize and host.

**ANSWER:**

**Dolphins:** The Dolphins admit that the final match of the Copa America USA 2024 tournament took place at Hard Rock Stadium. Except as expressly admitted, the Dolphins are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 and on that basis, deny them and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

**SFS:** The allegations in Paragraph 158 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a

response is required, SFS denies the allegations in Paragraph 158 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

159.    Thus, Dolphins had a duty to organize and monitor Hard Rock Stadium and its perimeter so that the Class could attend the Copa America USA 2024's final match.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 159 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 159 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

**SFS:** The allegations in Paragraph 159 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 159 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

160.    Further, Dolphins had a duty to coordinate personnel around Hard Rock Stadium in such a way that attendance would be safe and could be completed.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 160 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 160 and demand strict proof thereof.

**SFS:** The allegations in Paragraph 160 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 160 and demands strict proof thereof.

161.    Dolphins breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 161 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 161 and demand strict proof thereof.

**SFS:** The allegations in Paragraph 161 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 161 and demands strict proof thereof.

162.     Dolphins should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 162 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 162 and demand strict proof thereof.

**SFS:** The allegations in Paragraph 162 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 162 and demands strict proof thereof.

163.     Further, Dolphins should have procured sufficient instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 163 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 163 and demand strict proof thereof.

**SFS:** The allegations in Paragraph 163 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 163 and demands strict proof thereof.

164.     However, Dolphins failed to procure the devices, personnel, and protocols either partially or altogether.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 164 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 164 and demand strict proof thereof.

**SFS:** The allegations in Paragraph 164 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 164 and demands strict proof thereof.

165.     Furthermore, Dolphins failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 165 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 165 and demand strict proof thereof.

**SFS:** The allegations in Paragraph 165 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 165 and demands strict proof thereof.

166.     But-for Dolphins' failure to competently organize Copa America USA 2024's final match, Hard Rock Stadium and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 166 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 166 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

**SFS:** The allegations in Paragraph 166 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS denies the allegations in Paragraph 166 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

167.     Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team-affecting both soccer team players as well as fans in the public.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 167 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and on that basis, deny them and demand strict proof thereof.

**SFS:** The allegations in Paragraph 167 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, SFS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and on that basis, denies them and demands strict proof thereof.

168.     Thus, Dolphins could easily foresee that careful measures would be required to guarantee attendance safely and competently to Copa America USA 2024's final match.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 168 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 168 and demand strict proof thereof.

**SFS:** The allegations in Paragraph 168 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 168 and demands strict proof thereof.

169.     It was thus foreseeable that without safety measures, either Dolphins or Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 169 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 169 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

**SFS:** The allegations in Paragraph 169 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required. To the extent a response is required, SFS denies the allegations in Paragraph 169 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

170.     As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

**ANSWER:**

**Dolphins:** The allegations in Paragraph 170 state legal conclusions and argument, to which no response is required. To the extent a response is required, the Dolphins deny the allegations in Paragraph 170 and demand strict proof thereof. The Dolphins expressly deny that class treatment of Plaintiff's claims is appropriate.

**SFS:** The allegations in Paragraph 170 relate to alleged conduct by a party other than SFS, and state legal conclusions and argument, to which no response is required. To the extent a

response is required, SFS denies the allegations in Paragraph 170 and demands strict proof thereof. SFS expressly denies that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant Dolphins for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT IX**
**DECLARATORY JUDGMENT**
***Against CONMEBOL***

171.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 171 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 171.

172.    Federal courts, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.S. § 2201(a).

**ANSWER:**

The allegations in Paragraph 172 purport to paraphrase or quote a statute, which speaks for itself, and the SFS Entities respectfully refer the Court to that statute for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 172.

173.    Upon information and belief, CONMEBOL has publicly denied liability as to the events to July 14, 2024.

**ANSWER:**

The allegations in Paragraph 173 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 173 and on that basis, deny them and demand strict proof thereof.

174.   CONMEBOL instead blames Hard Rock Stadium for the disturbances and losses that took place.

**ANSWER:**

The allegations in Paragraph 174 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 and on that basis, deny them and demand strict proof thereof.

175.   However, CONMEBOL was intricately involved in the planning and organization of the July 14, 2024, Copa America USA 2024 match.

**ANSWER:**

The allegations in Paragraph 175 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 and on that basis, deny them and demand strict proof thereof.

176.   Pou, along all Class members, suffered economic damages as a result of Hard Rock and/or its associates denying entry inside Hard Rock Stadium to the Class.

**ANSWER:**

The allegations in Paragraph 176 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required.  To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

177.   Pou, and all Class members, are thus entitled to a judgment determining whether a contractual relation exists between the Class and CONMEBOL, or alternatively whether CONMEBOL owed a duty to the Class, and if so, the nature of CONMEBOL's duty.

**ANSWER:**

The allegations in Paragraph 177 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 and on that basis, deny them and demand strict proof thereof.  The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) declaratory judgment; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The allegations in the preceding Paragraph relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities expressly deny that Plaintiff is entitled to relief.

**COUNT X**
**DECLARATORY JUDGMENT**
***Against CONCACAF***

178.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

**ANSWER:**

The allegations in Paragraph 178 relate to alleged conduct by a party other than the SFS Entities, and thus no response is required. To the extent a response is required, the SFS Entities repeat and reallege their responses to the foregoing paragraphs as if set forth fully herein as and for its responses to Paragraph 178.

179.    Federal courts, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.S. § 2201(a).

**ANSWER:**

The allegations in Paragraph 179 purport to paraphrase or quote a statute, which speaks for itself, and the SFS Entities respectfully refer the Court to that statute for a full and complete recitation of the contents therein. The SFS Entities deny any and all remaining allegations in Paragraph 179.

180.    Upon information and belief, CONCACAF has denied liability as to the events to July 14, 2024, or otherwise failed to state its liability and responsibilities with respect to the events.

**ANSWER:**

The allegations in Paragraph 180 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 and on that basis, deny them and demand strict proof thereof.

181.    However, CONCACAF, upon information and belief, was intricately involved in the planning and organization of the July 14, 2024, Copa America USA 2024 match.

**ANSWER:**

The allegations in Paragraph 181 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181 and on that basis, deny them and demand strict proof thereof.

182.    Pou, along all Class members, suffered economic damages as a result of Hard Rock and/or its associates denying entry inside Hard Rock Stadium to the Class.

**ANSWER:**

The allegations in Paragraph 182 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

183.    Pou, and all Class members, are thus entitled to a judgment determining whether a contractual relation exists between the Class and CONCACAF, or alternatively whether CONCACAF owed a duty to the Class, and if so, the nature of CONCACAF's duty.

**ANSWER:**

The allegations in Paragraph 183 relate to alleged conduct by a party other than the SFS Entities, and state legal conclusions and argument, to which no response is required. To the extent a response is required, the SFS Entities are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 183 and on that basis, deny them and demand strict proof thereof. The SFS Entities expressly deny that class treatment of Plaintiff's claims is appropriate.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) declaratory judgment; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**ANSWER:**

The SFS Entities expressly deny that Plaintiff is entitled to relief.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

The SFS Entities admit that Plaintiff purports to seek a jury trial. Except as expressly admitted, the SFS Entities deny the remaining allegations in the preceding paragraph.

## AFFIRMATIVE DEFENSES

Subject to the responses above, the SFS Entities allege and assert the following affirmative and other defenses in response to Plaintiff's allegations set forth in the Complaint. The SFS Entities expressly reserve the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation or as justice may require. The SFS Entities further specifically reserve the right to assert in response to the Complaint any additional or different defenses and affirmative defenses based on knowledge or information obtained during discovery or investigation.

The foregoing defenses do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations. The statement of any defense does not alter the elements of Plaintiff's claims or cause the SFS Entities to assume the burden of proof on any issues as to which applicable law places the burden on Plaintiff. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff fail to state a claim upon which relief can be granted on his own behalf or on behalf of the alleged putative class.

## SECOND AFFIRMATIVE DEFENSE

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23, because, inter alia, Plaintiff is not an adequate representative, Plaintiff's claims are not common or typical of claims of members of the proposed class, the claims of Plaintiff and members of the proposed class are subject to unique facts and defenses, common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of determining the controversy and a class action would be unmanageable. Moreover, certification of the proposed class would result in the denial of due process to the SFS Entities as well as members of the proposed class.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff's injuries, if any, were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the SFS Entities, or by the conduct of third parties for whom the SFS Entities were not responsible.

## FIFTH AFFIRMATIVE DEFENSE

The pursuit of Plaintiff's claims and the claims of the putative class members in this Court are barred by the terms of binding written contracts, including by releases, contractual limitations on lawsuits or limitations on liability, class action waivers and/or arbitration agreements.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the actions of the SFS Entities alleged in the Complaint were undertaken in response to a situation which was out of the control of the SFS Entities.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff failed to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or one or more members of the proposed class are barred, in whole or in part, to the extent that any injury sustained by Plaintiff and/or members of the proposed class was caused by their own conduct, whether negligent or otherwise.

### NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or one or more members of the proposed class are barred, in whole or in part, to the extent that Plaintiff and/or one or more members of the proposed class did not suffer any legally-cognizable injury under applicable law.

### TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or members of the proposed class are barred, in whole or in part, due to the speculative and uncertain nature of the alleged damages, harm, injury or loss.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims for damages and/or monetary recovery of Plaintiff and/or members of the proposed class must be offset or reduced by the value of any payment already received from the SFS Entities or other third parties.

### TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or one or more members of the proposed class are barred, in whole or in part, to the extent that any damages sustained by Plaintiff and/or members of the proposed class were caused, in whole or in part, by their own acts or omissions or those of third parties. Moreover, any recovery by Plaintiff and/or members of the proposed class should be barred or reduced by an amount proportionate to the amount by which their own conduct or that of third parties contributed to their alleged injuries and damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent that they violate the economic loss doctrine under applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or members of the proposed class may be barred from recovery, in whole or in part, if in this or other tribunals they have brought actions and have received judgments or awards on some or all claims asserted herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

If in this or other tribunals Plaintiff and/or members of the proposed class have settled, or are in the process of settling, the same or similar claims to those alleged in the Complaint, they may be barred from recovery, in whole or in part, by such settlements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and his counsel have failed to join as parties to this action all persons and entities who would be necessary and/or indispensable parties for the adjudication of the claims of Plaintiff and/or members of the proposed class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If any persons claiming to be members of the proposed class have released claims, they may be barred from recovery, in whole or in part, by such releases.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If any persons claiming to be members of the proposed class engaged in unlawful, inequitable or improper conduct, they may be barred from recovery, in whole or in part.

## NINETEENTH AFFIRMATIVE DEFENSE

The SFS Entities have insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiff and on behalf of the persons claimed to be members of the proposed class. The SFS Entities, therefore, reserve the right to raise additional defenses as appropriate.

WHEREFORE, the SFS Entities pray:

a. That the Complaint be dismissed with prejudice and judgment be entered in favor of the SFS Entities;

b. That Plaintiff and all members of the proposed class take nothing by reason of this suit;

c. For attorneys' fees and costs;

d.      That the certification of the proposed class herein be denied; and

e.      For any other and further relief as the Court deems just and proper.

Dated: October 3, 2024                          Respectfully submitted,

*/s/ Melissa C. Pallett-Vasquez*

Melissa C. Pallett-Vasquez (Fla. Bar No. 0715816)
Matthew W. Tieman (Fla. Bar No. 1044909)
BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 350-2393
Facsimile: (305) 374-7593
Email:  mpallett@bilzin.com
            mtieman@bilzin.com
            eservice@bilzin.com

Elizabeth A. Parvis (*pro hac vice forthcoming*)
of LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Email:  elizabeth.parvis@lw.com

*Counsel for Defendants South Florida Stadium LLC*
*d/b/a Hard Rock Stadium and Miami Dolphins, Ltd.*