UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22751-BLOOM/Elfenbein

DAS NOBEL, Individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

SOUTH FLORIDA STADIUM, LLC,
d/b/a Hard Rock Stadium, CONFEDERACION
SUDAMERICANA DE FUTBOL, d/b/a CONMEBOL,
CONFEDERATION OF NORTH, CENTRAL AMERICA
AND CARIBBEAN ASSOCIATION FOOTBALL, d/b/a
CONCACAF, BEST CROWD MANAGEMENT, Inc.,

    Defendants.
_____/

## ORDER ON MOTION TO CONSOLIDATE

**THIS CAUSE** is before the Court upon Plaintiff Das Nobel's ("Plaintiff") Unopposed Motion to Consolidate Related Actions ("Motion"), ECF No. [49]. Defendants are South Florida Stadium, LLC, d/b/a Hard Rock Stadium ("SFS"), Confederacion Sudamericana De Futbol, d/b/a CONMEBOL ("Conmebol"), Confederation of North, Central America and Caribbean Association Football, d/b/a CONCACAF ("Concacaf"), Best Crowd Management, Inc., ("Best"), (together "Defendants"). The Court has reviewed the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

    I.    **BACKGROUND**

On July 14, 2024, the Copa America Final Match took place at the Hard Rock Stadium in Miami Gardens, Florida. ECF No. [1] ¶ 4. Plaintiff alleges that, while every seat to the soccer match was sold, the Defendants either permitted or caused a variety of failures preparing for the event. *See generally*, ECF No. [1]. Due to those failures, Plaintiff argues thousands of unticketed

fans rushed into the event, while thousands of ticketed fans were denied entry. *Id*. ¶ 6. In his Complaint, Plaintiff states that he "seeks to represent all ticketed persons that Defendants denied entry into the final match." *Id*. ¶ 7.

Plaintiff now seeks to consolidate four separate cases that are currently filed in this district. ECF No. [49] at 2. Plaintiff argues that each case shares one common Defendant: SFS. *Id*. The cases are:

> *Nobel v. South Florida Stadiums, et. al.*, 24-cv-22751 (*Pou v. CONMEBOL*, et. al., Case No. 24-cv-22828 ("Nobel" and "Pou")
> *Valderrama, et al. v. CONMEBOL, et al.,* 24-cv-22772 ("Valderrama")
> *Manco v. South Florida Stadium LLC*, 24-cv-23195 ("Manco")
> *Martinez v. South Florida Stadium LLC*, 24-cv-23324 ("Martinez")
> ("Related Cases") *Id*.

Plaintiff further states that the Related Cases share a common nucleus of facts: "the Defendants failed to provide adequate security and failed to admit thousands of ticketholders to the Copa America Final Match on July 14, 2024." *Id*. at 2.

## II. LEGAL STANDARD

### A. Consolidation

The Federal Rules of Civil Procedure provide for the consolidation of cases:

If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial
Fed. R. Civ. P. Rule 42(a), (b)

"Rule 42 is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants." *Biver v. Nicholas Fin. Inc.*, No. 14–cv–250–T–33TGW, 2014 WL 1763211, at *2 (M.D. Fla. 2014) (internal quotations omitted) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); (*In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977))[1]. Rule 42 "'is permissive and vests a purely discretionary power in the district court.'" *Young v. City of August, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (quoting *In Re Air Crash*, 549 F.2d at 1013). "[A]lthough consolidation under Rule 42(a) may be warranted because of a common issue of law or fact, it is not required." *Id*. (citation omitted).

When a court exercises this discretion under Rule 42, the court must make a determination:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Hendrix*, 776 F.2d at 1495.

### III. DISCUSSION

Plaintiff argues the Related Cases, *Manco*, *Martinez*, *Valderrama*, and *Nobel*, should be consolidated to alleviate the burden "on parties, witnesses, and judicial resources [arising from] multiple lawsuits." ECF No. [49] at 3. Plaintiff contends the Related Cases "all involve claims of negligence and unjust enrichment and are based on common facts" sufficient to satisfy Rule 42(a). *Id*. 3. Plaintiff points out the Related Cases all share SFS as a Defendant, and that Defendants — and the additional Defendant Miami Dolphins[2] — have all expressed their intention to file motions to compel arbitration. *Id*. at 3-4. Plaintiff reasons that the purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] *Valderrama* has also included John Does 1-10 as Defendants in that case.

3

may be dispatched with expedition and economy while providing justice to the parties and that consolidation is proper. *Id*. at 3.

### A. Different Defendants and Different Causes of Action

The Court finds that no further consolidation is warranted due to different Defendants and different causes of action among the Related Cases. Regarding the variation in Defendants, SFS is the *sole* unifying Defendant between all Related Cases. The other Defendants are:

*Manco* named only SFS;
*Martinez* named SFS, Conmebol, Concacaf, and Best.
*Valderrama* named SFS, Conmebol, Concacaf and John Does 1-10 as Defendants;
*Nobel*, already consolidated with *Pou*, includes Defendants SFS, Conmebol, Concacaf, Best, and the Miami Dolphins.

While the Court agrees there is some overlap among the Defendants in the Related Cases, it is not enough to warrant consolidation. The cases Plaintiff relies on support the Court's ultimate conclusion. In *Biver v. Nicholas Fin. Inc.*, No. 14–cv–250–T–33TGW2014, 2014 WL 1763211 (M.D. Fla. Apr. 30, 2014), the trial determined that consolidation was warranted, stating the

> Actions present virtually *identical* factual and legal issues, assert *identical* claims under the securities laws, and name the *same defendants*. Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.
> *Id*. at * 2 (emphasis added).

While it is not necessary to have identical claims and Defendants, Plaintiff's reliance on *Biver* does not support consolidation of cases with different Defendants, different causes of action, and different legal issues. Plaintiff's reliance on *Central Motor Co. v. United States*, 583 F.2d 470 (10th Cir. 1978) — an out of circuit case — to argue that consolidation may still be proper when some questions are not common between the cases fares no better. As framed by the pleadings, discovery will not be relevant in all lawsuits due to the varying Defendants.

Regarding the different causes of action in the Related Cases, the deviation is substantial. Plaintiff argues the cases all involve claims for negligence and unjust enrichment. A review of

*Manco* establishes that there is one claim for negligence against SFS as the sole Defendant. Nevertheless, the claims are broader than represented. In *Valderrama*, for example, the claims include negligent misrepresentation reliance, breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. *Valderrama* also introduces statutory claims: claims pursuant to New Jersey Consumer Fraud Act 56:8-1, claims pursuant to New York General Business Law § 349 for deceptive acts and practices which provides for statutory damages under § 350-d, and the Florida Deceptive & Unfair Trade Practices Act ("FDUTPA") Fla. Stat. § 501.201, providing for statutory damages that are not found in each case.

### B. Potential for Arbitration of Some Claims and Not Others

In Plaintiff's Motion, he indicates that the Defendants "have all stated their intention to file motions to compel arbitration." ECF No. [49] at 4. Without further elaboration, the Plaintiff asserts "the risk of inconsistent rulings and the potential for ensuing appeals also support consolidation," then references the Internal Operation Procedures ("IOP") for the United States District Court for the Southern District of Florida, 2.15.00[3] to support transfer or consolidation. *Id*.

As Plaintiff correctly points out, Rule 42(a) provides the trial court discretion to determine whether consolidation promotes efficiency, expeditious trials, and the elimination of "unnecessary repetition and confusion." *See Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995). The goal of efficiency has been long repeated in this Circuit. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("[Rule 42] is a codification of a trial court's inherent managerial power '"to control the disposition of the causes on its docket with economy of time

---

[3] IOP 2.15.00 Transfer of Similar Actions: Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action. (*See* IOP 2.06.00 Transfer of Higher-Numbered Cases)

and effort for itself, for counsel, and for litigants.'"). IOP 2.15.00 simply provides for the internal procedure to permit judges in this district to transfer cases at their discretion to prevent "unnecessary duplication of judicial labor."

A further reason why consolidation is improper is the likelihood, as represented by Plaintiff, that the Defendants will move to compel arbitration. In *Pou*, the Defendants have already sought this remedy. *See* ECF Nos. [55], [56]. In determining whether to exercise discretion under Rule 42, "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits" must be determined. *Hendrix*, 776 F.2d at 1495. Here, there is no indication that all the causes of action or all parties may be subject to arbitration. Consequently, given the discretion inherent in Rule 42, arbitrable issues that may exist in some cases but not others, prevailing case law, different Defendants, and different causes of action, the Court finds that consolidation of the Related Cases is not warranted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Consolidate Related Actions, **ECF No. [49]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record