**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-22751-BLOOM/Elfenbein**

DAS NOBEL, EDUARDO MARTINEZ, DANIEL GRANDE, WILLIAM POU, DAVID ZIEMEK and JOSEPH ABADI, on behalf of themselves and on behalf of all others similarly situated,

Plaintiffs,

vs.

SOUTH FLORIDA STADIUM LLC d/b/a HARD ROCK STADIUM; CONFEDERACIÓN SUDAMERICANA DE FÚTBOL d/b/a CONMEBOL, CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL d/b/a CONCACAF, and BEST CROWD MANAGEMENT, INC.,

Defendants.
_______________________________________/

## CORRECTED FINAL APPROVAL ORDER AND JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiffs Das Nobel, Eduardo Martinez, Daniel Grande, William Pou, David Ziemek and Joseph Abadi's (the "Named Plaintiffs") Unopposed Motion for Final Approval of the Class Action Settlement ECF No. [187] and, separately, Plaintiffs' Application for Attorneys' Fees and Costs and Class Representative Awards, ECF No. [183], requesting entry of an order: (1) granting final approval of the Settlement; (2) affirming certification of the Settlement Classes for settlement purposes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (3) confirming the appointment of Named Plaintiffs as Class Representatives; (4) confirming appointment of Jeffrey L. Newsome, II, Brian W. Warwick, and Janet R. Varnell as Lead Counsel and as Class Counsel, Pamela G. Levinson, Christopher J. Brochu, Eduardo A. Maura, Luis F. Quesada, Machado, Ryan M. Sawal and Orestes D. Garcia, Manuel S. Hiraldo,

Fletcher Moore, Lee Squitieri, and Jonathan Lee Borsuk; and Angeion as Settlement Administrator for the Settlement Classes; (5) awarding Class Counsel $3,465,000 in attorneys' fees and $35,000 in litigation costs; (6) approving payment of outstanding Notice and Administrative Costs from the Settlement Fund; (7) overruling timely objections; (8) entering final judgment and dismissing the Litigation with prejudice and reserving jurisdiction over Settlement implementation.

On November 25, 2025, the Court entered an Order Preliminarily Approving Class Action Settlement, ECF No. [182], (the "Preliminary Approval Order"), which, *inter alia*: (1) preliminarily approved the Settlement and the Agreement; (2) determined, for purposes of settlement only, this Litigation should proceed as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and certified the Settlement Class; (3) appointed the Named Plaintiffs as Class Representatives; (4) appointed Jeffrey L. Newsome, II, Brian W. Warwick, Janet R. Varnell as Lead Class Counsel and as Class Counsel, Pamela G. Levinson, Christopher J. Brochu, Eduardo A. Maura, Luis F. Quesada, Machado, Ryan M. Sawal and Orestes D. Garcia, Manuel S. Hiraldo, Fletcher Moore, Lee Squitieri, and Jonathan Lee Borsuk; (5) approved the form and manner of the Class Notice Program and Class Notice; (6) approved the Claim Form, process, and distribution plan.. ECF No. [182]. On March 27, 2026, the Court set Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement Agreement for hearing on April 10, 2026. ECF No. [189].

Class Notice was provided to approximately 35,921 Settlement Class Members in accordance with the Court's Preliminary Approval Order via e-mail and/or U.S. Mail, and with the Class Notice and other key filings in the Litigation made available on the Settlement Website. The Settlement Administrator, Angeion Group, has certified that it completed the Class Notice Program and as of the Opt-Out and Objection Date, received thirty-six (36) Valid Exclusion Statements/Opt-Outs and one timely Objection to the Settlement. On April 10, 2026, this Court held a Final Approval Hearing to determine whether to grant final approval of the Settlement as

fair, reasonable, and adequate, and to consider Class Counsel's application for Attorneys' Fees and Costs and the Named Plaintiffs' request for Class Representative Service Awards. The Court has carefully reviewed the Motion for Final Approval and the Petition for Attorneys' Fees and Costs and Class Representative Awards[1], the proposed Settlement and its exhibits, all relevant filings, the record, and the argument from the Parties' counsel, the Court finds the Settlement Class should be finally certified, the Settlement satisfies the final approval criteria, and the Petition for Attorneys' Fees and Costs should be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement.

2. Plaintiffs' Unopposed Motion for Final Approval, **ECF No. [187]**, and Petition for Attorneys' Fees and Costs and Class Representative Awards, **ECF No. [183]**, are **GRANTED**.

3. The Court has jurisdiction over the subject matter of this action, Named Plaintiffs, the Settlement Class Members, and Defendants.

4. This Court **APPROVES** the Settlement set forth in the Agreement and finds the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable

---

[1] Although the Eleventh Circuit precluded Service Awards for cases advancing federal claims in *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), courts within this Circuit have recognized that such awards are still available when state law claims are advanced. *Junior v. Infinity Ins. Co.*, Case No. 6:18-cv-1598-WWB-EJK (M.D. Fla. 2023) ("*Johnson I* examined federal common law, based on a federal cause of action, to arrive at its decision. Class Counsel maintains that there is nothing in *Johnson I* to suggest that it is applicable to cases arising under state law."); *Venerus v. Avis Budget Car Rental*, LLC, 674 F. Supp. 3d 1107, 1110 (M.D. Fla. 2023). Plaintiffs' Complaint asserts two counts of negligence under Florida law. ECF No. [171]. Moreover, Defendants have not objected to the request for service awards. ECF No. [183].

requirements of Federal Rule of Civil Procedure 23(e), the United States Constitution (including the Due Process Clause), and all other applicable law.

5. The Settlement is, in all respects, fair, reasonable, and adequate after considering all of the Fed. R. Civ. P. 23(e)(2) factors, highlighted by evidence that (a) the Class Representatives and Lead Class Counsel and Class Counsel have adequately represented the Settlement Class, (b) the Settlement was negotiated at arm's length among competent, able counsel with the assistance of a qualified mediator, (c) the relief provided through the Settlement is adequate, and (d) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

6. In finding the Settlement to be fair, reasonable, and adequate, the Court has also considered (a) there was only one objection to the Settlement. After reviewing the objection, the Court finds it is due to be overruled. That only one objection was filed is an indication that the Settlement Class Members view the Settlement terms favorably.

7. The Class Notice Program and Class Notice provided to the Settlement Class Members was made in accordance with the Preliminary Approval Order, was the best notice practicable under the circumstances, and constituted reasonable, due, adequate and sufficient notice of the proceedings to all persons entitled to notice. The Class Notice Program and Class Notice fully satisfied the requirements of due process, Fed. R. Civ. P. 23, and all other applicable law and rules. The fact that 36 class members filed Valid Exclusion Statements indicates that the notice was clear and simple to follow. The low number of Valid Exclusion Statements indicates that the vast majority of Settlement Class Members view the Settlement relief favorably.

8. The Court finds the Class Action Fairness Act Notice provided by the Settlement Administrator complied with 28 U.S.C. § 1715(b).

9. For purposes of this Final Approval Order and Judgment, the Court finally certifies, for settlement purposes only, the following Settlement Classes:

> **Denied Entry Class:** All ticketholders to the Copa America Final Match who were denied entry to Hard Rock Stadium.
>
> **Denied Full Access Class:** All ticketholders to the Copa America Final Match who were admitted to Hard Rock Stadium, but were denied full access to and enjoyment of Hard Rock Stadium facilities or to specific seats purchased.

Specifically excluded from the Settlement Classes are the following persons:

(i) Defendants and their respective subsidiaries and affiliates, members, employees, officers, directors, agents, and representatives and their family members;

(ii) Class Counsel;

(iii) The judges who have presided over the Litigation;

(iv) All persons who settled with, released, or otherwise had claims dismissed with prejudice or had claims adjudicated on the merits against Defendants arising from or relating to the Final Match, including but not limited to all persons who signed a release of claims arising from or relating to the Final Match; and

(v) All persons who timely elect to become Opt-Outs from the Settlement Classes in accordance with the Court's Orders.

10. The Court affirms that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement only in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class Members; (d) the Named Plaintiffs are adequate representatives for the Settlement Class and have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting

any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable based on objective criteria.

11. The Settlement plan for distributing Cash Awards to the Settlement Class Members proposed by the Parties in the Settlement Agreement is found to be fair, reasonable, and adequate.

12. The Named Plaintiffs, Lead Class Counsel, and Class Counsel have fairly and adequately represented and shall continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

13. The Court affirms its approval of the Claim Form.

14. This Final Approval Order and Judgment effects a full and final settlement and dismissal with prejudice of all Released Claims and Named Plaintiff Released Claims of all Settlement Class Members against all Released Persons as those terms are set forth in the Settlement Agreement.

15. Because the Court grants final approval of the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

16. All Settlement Class Members who submit a valid Approved Claim shall be paid in accordance with the Settlement Agreement's terms. Settlement Class Members who fail to submit a valid Approved claim shall still be bound by the terms of the Settlement Agreement and the Releases therein.

17. All Parties to this Litigation and all Settlement Class Members are bound by the Settlement as set forth in the Settlement Agreement and this Final Approval Order and Judgment.

18. The appointment of Named Plaintiffs as the Class Representatives is affirmed.

19. The appointments of Jeffrey L. Newsome, II, Brian W. Warwick, and Janet R. Varnell as Lead Counsel, and as Class Counsel, Pamela G. Levinson, Christopher J. Brochu, Eduardo A. Maura, Luis F. Quesada, Machado, Ryan M. Sawal and Orestes D. Garcia, Manuel S. Hiraldo, Fletcher Moore, Lee Squitieri, and Jonathan Lee Borsuk are affirmed.

20. Angeion Group is to continue in its role as Settlement Administrator.

21. Judgment is entered and the case is **DISMISSED WITH PREJUDICE** on the merits and without fees or costs except as provided. As of this date of this Final Order and Judgment, and in exchange for the relief described in the Settlement Agreement, the Named Plaintiffs and the Settlement Class Members fully and irrevocably release and forever discharge the Released Persons from all Named Plaintiff Released Claims and Released Claims pursuant to the terms of the Settlement Agreement.

22. In addition, and more specifically, the Named Plaintiffs, all Settlement Class Members, and their respective heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, attorneys, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted an Approved Claim, and regardless of whether they have received actual notice of the Settlement, have conclusively compromised, settled, discharged, and released all Released Claims and Named Plaintiff Released Claims against Defendants and the Released Persons, and are bound by the provisions of the Settlement Agreement.

23. The Court further adjudges that, upon entry of this Final Approval Order and Judgment, the Settlement Agreement and the above-described release of the Released Claims and Named Plaintiff Released Claims will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Named

Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, heirs, executors, administrators, assigns, affiliates, agents, and anyone claiming by, through, or on behalf of them, as set forth in the Settlement Agreement.

24. Neither the Settlement, this Final Approval Order and Judgment, the fact of the Settlement, or the payment of any consideration in connection with the Settlement shall be or shall be construed or used as an admission or concession by the Defendants or any of the Released Persons of: (a) any fault, omission, wrongdoing, or liability whatsoever of any Defendant; (b) validity of any of the Released Claims or Named Plaintiff Released Claims; or (c) the appropriateness of class certification for trial or dispositive motion practice. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation or a determination of any wrongdoing by Defendant or any of the Released Persons, as Defendants have maintained throughout this Litigation that they did not engage in any wrongdoing related to the Final Match. The final approval of the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Named Plaintiffs, the Settlement Class Members, or Defendants. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendants or the Released Persons in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

25. Pursuant to Fed. R. Civ. P. 23(h), Class Counsel is awarded Attorneys' Fees and Expenses of $3,500,000) ($3,465,000 in fees and litigation costs of $35,000). Such amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Awards in similar cases justify the requested fees, which are, as a percentage, below those approved in similar cases. *See, e.g., Sawyer v. Intermex Wire Transfer, LLC*, No. 19-cv-22212, 2020 WL 5259094, at *1 (S.D. Fla. Sept. 3, 2020) (awarding one-third of the common fund); *Janicijevic v. Classica Cruise Operator, Ltd.*, No. 20-CV-23223, 2021 WL 2012366, at *8 (S.D. Fla. May 20, 2021) (awarding 30% if the settlement fund to class counsel "in keeping with the fee awards approved by other courts in class actions."). Accordingly, the requested attorneys' fee of $3,465,000 amounts to approximately 25% of the settlement fund and is within the range of reason under the factors listed in *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

26. The Court also finds the Named Plaintiffs' request for a Service Award is within the appropriate range. The Named Plaintiffs put in substantial time representing the Settlement Class in this matter, including participating in investigation, participating in several rounds of settlement negotiations, and regular meetings and phone conferences with Class Counsel. The Named Plaintiffs accepted these burdens to seek and obtain relief for others. Accordingly, this Court finds, as reasonable, a Service Award for the Named Plaintiffs in the amount of $5,000 each. The awards in no way represent a salary; rather they compensate Named Plaintiffs for the time and burden invested in pursuing this case. The Service Award shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

27. The Named Plaintiffs, Named Plaintiff Releasors, all Settlement Class Members, and persons purporting to act on their behalf, are permanently barred and enjoined from asserting, filing, commencing, prosecuting, pursuing, continuing, and/or seeking to reopen (either directly,

representatively, or in any other capacity) any of the Released Claims or Named Plaintiff Released Claims against any of the Released Persons in any action or proceeding in any court, arbitration forum, or tribunal.

28. The Court retains and reserves jurisdiction over: (a) implementation of this Settlement Agreement and any distributions to the Settlement Class Members; (b) the Litigation until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties for the purpose of enforcing and administering the Settlement Agreement.

29. In the event that the Settlement Agreement does not become effective in accordance with its terms, then the Judgment contemplated herein shall be rendered null and void and shall be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void, the Settlement Classes shall be decertified, all of Defendants' obligations under the Settlement shall cease to be of any force and effect, and the actions shall be reinstated as they existed prior to the making of the Settlement Agreement. In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

30. The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and Judgment and do not limit the rights of the Settlement Class Members.

31. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly **DIRECTS** the Clerk of the Court to file this Final Approval Order and Judgment as a final and appealable order and final judgment.

32. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida on July 30, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record